**AKERMAN LLP**
DAMIEN P. DELANEY (SBN 246476)
ASHLEY N. BOBO (SBN 312714)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342
Email: damien.delaney@akerman.com
ashley.bobo@akerman.com

Attorneys for Defendant
KEOLIS TRANSIT AMERICA, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE NORTHERN CALIFORNIA GENERAL TEAMSTERS SECURITY FUND,<br><br>Plaintiff,<br><br>vs.<br><br>KEOLIS TRANSIT AMERICA, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:21-cv-00205-MCE-AC<br><br>Assigned to Hon. Morrison C. England, Jr.<br><br>**DEFENDANT KEOLIS TRANSIT AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**<br><br>**[Filed Concurrently With Declaration of Majorie Knight and (Proposed) Order]**<br><br>**Hearing Information:**<br><br>Date: May 13, 2021<br>Time: 2 p.m.<br>Place: Courtroom 7<br>      501 I Street, 7th Floor<br>      Sacramento, California 95814<br><br>Complaint Filed: February 2, 2021 |

1
CASE NO. 2:21-cv-00205-MCE-AC
**DEFENDANT KEOLIS TRANSIT AMERICA, INC.'S NOTICE OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

57309441;2

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 13, 2021 at 2:00 p.m., KEOLIS TRANSIT AMERICA, INC. ("Keolis"), shall appear before the Honorable Morrison C. England, Jr., in Courtroom 7 of the above-described Court, located at 501 I Street, 7th Floor, Sacramento, California 95814, and shall then and there present its Motion to Set Aside Clerk's Entry of Default against Keolis for the following:

(A) pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, an order setting aside the default entered in this action on March 5, 2021 against Keolis, on grounds that entry of default was improper because:

    1)     The default was not the consequence of culpable conduct by Keolis;

    2)     Keolis has meritorious defenses; and

    3)     By setting aside the default, the Court will not prejudice Plaintiffs' interests in litigating their claims.

Keolis further seeks an order granting further relief as the Court deems appropriate.

Keolis files this Motion after conferring with counsel for Plaintiffs. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities contained herein, the pleadings and papers on file in this action, and the argument of counsel presented at the hearing on the motion.

Dated: March 24, 2021        **AKERMAN LLP**

        By:   */s/ Damien P. DeLaney*

        Damien P. DeLaney
        Ashley N. Bobo

        Attorneys for Defendant
        KEOLIS TRANSIT AMERICA, INC.

## I. PRELIMINARY STATEMENT

On March 5, 2021, the clerk entered a default against Keolis Transit America, Inc. ("Keolis") in this matter. (ECF #6). Good cause exists to set aside the default under Federal Rule of Civil Procedure 55(c) for several reasons. First, the default was not the consequence of any intentional, culpable conduct on the part of Keolis; Keolis simply was not aware of this lawsuit until after the clerk's entry of default due to a delay in processing as a result of modified working arrangements in light of the COVID-19 pandemic. Second, Keolis has numerous meritorious defenses, as detailed herein. Third, by setting aside the default, the Court will not prejudice the interests of Plaintiffs, as this case remains in the pleading stage, formal discovery has not begun, and Plaintiffs' right to adjudicate their claims on the merits will not be hindered. Accordingly, for all of the above reasons, and as explained in further detail in this memorandum of law, Keolis respectfully requests that the entry of default against it be set aside pursuant to Federal Rule of Civil Procedure 55(c).

## II. BACKGROUND

Plaintiffs bring this action under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, *et seq.*, seeking to recover $50,419.33 in allegedly delinquent monthly employer contributions Plaintiffs contend Keolis, pursuant to a series of agreements between the parties, was obligated to make to an employee welfare benefit plan ("Fund") for which Plaintiffs serve as trustees. (ECF # 1, Complaint at ¶¶ 1-3, 6, 13). Specifically, Plaintiffs contend an independent audit of the Fund found Keolis owed an outstanding balance of $50,419.33 in employer contributions for the period July 1, 2019 to December 31, 2019. (*Id.* at ¶¶ 12-13). Plaintiffs filed suit on February 2, 2021, seeking recovery of the alleged outstanding balance, contractual liquidated damages totaling $6,050.32, contractual interest, and attorneys' fees and costs. (*Id.* at 4).

This matter has been pending for a very short time. The executed summons was filed on Feburary 17, 2021. (ECF #4). The request for an entry of default was filed fourteen days later, on March 3, 2021. (ECF #5).[1] This Court entered a default two days later, on March 5, 2021. (ECF #6). The instant motion is being filed promptly after obtaining knowledge of the same.

### III. STANDARD OF REVIEW

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Only intentional conduct is sufficiently culpable to deny a motion to set aside default. *See TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 698 (9th Cir. 2001) ("[W]e have typically held that a defendant's conduct was culpable for purposes of the [Rule 55(c) or 60(b)] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond."), *overruled on other grounds, Egelhoff v. Egelhoff ex rel. Breiner,* 532 U.S. 141, 147-50 (2001). To determine good cause, a court must consider three factors: (1) whether the movant engaged in culpable conduct that led to the default; (2) whether it has no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. *Mesle*, 615 F.3d at 1091. "The court may also consider the movant's explanation for the default, the good faith of the parties, the amount of money involved, and the timing of the motion." *Gorski v. New Hampshire Dep't of Corr.*, 204 F.R.D. 23 (D.N.H. 2000).

---

[1] In its declaration for an entry of default, Plaintiff stated that the true and correct copy of the service of process was attached as "Exhibit A." No such attachment was filed. In any event, Keolis does not dispute that as of the time of this filing, it is now aware of the lawsuit and intends to participate and fully defend against the allegations raised.

A district court's discretion to set aside default pursuant to Rule 55(c) is "especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (internal quotation omitted). As the Ninth Circuit has stated, "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945-46 (9th Cir. 1986) (citing *Schwab v. Bullock's Inc.,* 508 F.2d 353, 355 (9th Cir. 1974) (quoting 7 J. Moore, Moore's Federal Practice ¶ 60.19, at 232-33)).

## IV. ANALYSIS

### A. "Good Cause" Exists to Set Aside the Default Because Keolis Did Not Engage in Culpable Conduct that Led to the Default.

Regarding the first factor, a defaulting party's conduct is culpable only where there is no explanation for the default other than a "devious, deliberate, willful, or bad faith failure to respond." *United States v. Assorted Firearms, Motorcycles & Other Personal Prop.*, 605 Fed. Appx. 603, 605 (9th Cir. 2015) (quoting *TCI Group*, 244 F.3d at 698); *see also TCI Group*, 244 F.3d at 697 ("[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer.") (quoting *Alan Newman Prods. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)) (emphasis and alteration original); *Mesle*, 615 F.3d at 1092 ("[I]n this context the term 'intentionally' means that . . . to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process."). "Defendant's knowledge of the obligation to answer and subsequent failure to answer, without more, are sufficient to establish culpable conduct." *FOC Fin. Ltd. P'ship v. Nat'l City Com. Cap. Corp.*, 612 F. Supp. 2d 1080, 1083 (D. Ariz. 2009).

5  CASE NO. 2:21-cv-00205-MCE-AC
**DEFENDANT KEOLIS TRANSIT AMERICA, INC.'S NOTICE OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

57309441;2

Here, the record is clear Keolis did not act with sufficient culpability to allow the entry of default to stand; Keolis' did not timely respond due to delays related to working arrangements during the COVID-19 pandemic. Ex. A, Declaration of Marjorie Knight ("Knight Decl.") at ¶ 4. As such, Keolis's failure to answer the complaint was not intentional, Keolis did not act with bad faith, and it had no intention of taking advantage of Plaintiffs, interfering with judicial decisionmaking, or otherwise manipulating the legal process. *Mesle*, 615 F.3d at 1092. This District has confronted similar circumstances before, and granted the defendant's motion to set aside the entry of default. In *Full Spectrum IH, LLC v. DCM, Inc.*, the movant defendant alleged it was not aware of the lawsuit until after the date of the clerk's entry of judgment. No. 1:20-cv-0673- DAD JLT, 2020 WL 5371321, at *4, 2020 U.S. Dist. LEXIS 163703 (E.D. Cal. Sept. 8, 2020). Further, the defendant promptly moved to set aside the entry of default—before its response to the plaintiff's motion to enter default judgment was due. *Id.* The Eastern District of California found the defendant had not acted with sufficient culpability, reasoning in part, "'[T]he speed and diligence' with which the defendants sought to set aside the entry of default lended 'credibility to the position of [the defendants] that they were unaware that they were at risk of default prior to the entry of default.'" *Id.* (quoting *TCGIvega Info. Techs. PVT, Ltd. v. Karna Global Techs., Inc.*, No. C 05-05222 JF (HRL), 2006 WL 8460245, at *3, 2006 U.S. Dist. LEXIS 113410 (N.D. Cal. May 12, 2006)). Likewise, here, Keolis was unaware of this lawsuit until the clerk had already entered default. Further, Keolis's motion is even more prompt than the defendant's was in *Full Spectrum*; here, Plaintiffs have yet to file a motion to enter default judgment. Moreover, Keolis has worked diligently to investigate the circumstances surrounding service of the complaint and the clerk's entry of default, and to timely submit this Motion. Ex. A, Knight Decl. at ¶ 5. Accordingly, this Court should follow the Eastern District in *Full Spectrum* and find Keolis is not sufficiently culpable for its motion to be denied.

In *Freshko Produce Servs. v. ILA Prods.*, the defendants—like Keolis here—alleged they did not have actual knowledge of the pending lawsuit. No. 1:19-cv-00017-DAD-BAM, 2019 WL 2160379, at *2, 2019 U.S. Dist. LEXIS 68007 (E.D. Cal. Apr. 22, 2019). The Eastern District ultimately granted their motion to set aside the entry of default, finding they did not act with bad faith:

> Defendants' failure to respond . . . appears to be based upon mistake or inadvertent neglect. There is no indication that either Defendant intentionally failed to answer or sought to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process. . . . Defendants' conduct does not meet the culpability standard.

*Id.* Indeed, this Court has granted a defendant's motion to set aside entry of default *even where* the record showed the defendant—unlike Keolis—was aware of the lawsuit, and the Court expressed it was "not impressed by Defendant's failure to timely file a responsive pleading." *Redding Bank of Commerce v. Johannessen*, No. 2:10–cv–00385–MCE–DAD, 2010 WL 2941205, at *2-3 (E.D. Cal. July 23, 2010). This Court reasoned notwithstanding the defendant's knowledge of the lawsuit and its failure to respond to the complaint, "[A] resolution of the dispute on its merits is preferable. It is clear from Defendant's moving papers that he did not willfully abandon his claim, but rather he acted untimely." *Id.* As such, the Court should grant Keolis's motion here, where Keolis has shown it was <u>not</u> aware of the lawsuit, has otherwise acted expeditiously and in good faith to request relief from the entry of default as soon as possible after learning of the default, and thus, any delay is minimal (here, fewer than two (2) months after this action commenced and seventeen (17) days after the March 5, 2021 entry of default). Such is consistent with this Court's practice. *See, e.g.*, *Redding Bank of Commerce*, 2010 WL 2941205, at *3 ("[W]here <u>timely relief is sought</u> from a default and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits.") (citation omitted) (emphasis added).

**B. Good Cause Exists to Set Aside the Default Because Keolis has Numerous Meritorious Defenses.**

"All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'" *Mesle*, 615 F.3d at 1094 (quoting *TCI Group*, 244 F.3d at 700).

Keolis intends to assert a number of meritorious defenses in this action, including:

- The governing documents concerning the subject employee welfare benefit plan do not support Plaintiffs' allegation that Keolis failed to meet its contribution obligations—particularly in instances where some claims of contribution involve tens of thousands of dollars in alleged delinquent contributions for individual employees with very short tenures in Keolis's employ;

- Keolis disputes the Fund's entitlement to the contributions on behalf of certain employees because either such employees were not performing bargaining unit work during the time period in question, or they were not employed by Keolis during the time period at issue;

- Certain contributions Plaintiff alleges Keolis owes were calculated incorrectly; and

- The liquidated damages Plaintiff seeks are excessive.

Upon an order setting aside the default, it is Keolis's intention to file a responsive pleading asserting these and other defenses.[2]

---

[2] Alternatively, even if the Court were to find any of these defenses are not meritorious, good cause nonetheless exists to set aside entry of default where, as here, there is no willfulness on the part of Keolis; there is no prejudice to Plaintiffs; the instant motion to set aside default was prompt; there is no challenge to Keolis's good faith; a large

### C. Setting Aside the Default Will Not Prejudice Plaintiffs.

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" *TCI Group*, 244 F.3d at 701 (quoting *Falk*, 739 F.2d at 463). Otherwise, "[a] default judgment gives the plaintiff something of a windfall by sparing her from litigating the merits of her claim because of her opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation." *TCI Group*, 244 F.3d at 701; *see also Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (no prejudice simply because a party loses a "quick victory" due to an opponent's procedural default and must litigate on the merits).

Plaintiffs here will not be prejudiced if the Court grants Keolis's motion. The case remains in the pleading stage, Keolis intends to promptly file a responsive pleading should the Court grant its motion, and formal discovery has not yet begun. The Eastern District has confronted these circumstances before, and it granted the motion to set aside the entry of default. *See Greschner v. Cal. Dep't of Corr. & Rehab.*, No. 2:15-cv-1663 MCE AC P, 2020 WL 5237757, at *3, 2020 U.S. Dist. LEXIS 160528 (E.D. Cal. Sept. 1, 2020) (finding persuasive defendant's argument that "The delay involved in vacating the entry of default, to the extent there has been one, has not resulted in the loss of evidence or any increase in the difficulty of discovery. Dr. Schwartz intends to promptly file a responsive pleading, assuming the entry of default is vacated, and

---

amount of money is involved; Keolis's explanation for default is plausible; and there had been little delay in this lawsuit, which had only recently been filed. *See Edes v. Fredson*, 344 F. Supp. 2d 209, 212-13 (D. Me. 2004) ("The defendant has said nothing about the merits of his defense. . . . I conclude that in this case I should order the entry of default removed. There is no willfulness, no prejudice to the plaintiff and no evidence of obstructionism; the motion was prompt; there is no challenge to good faith; a large of amount of money is involved; and the explanation for the default is not implausible. Moreover, there has been little delay in the lawsuit, which was filed only recently.").

**DEFENDANT KEOLIS TRANSIT AMERICA, INC.'S NOTICE OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

57309441;2

adjudicating this case on the merits would not prejudice plaintiff."). The court in *Greschner* ultimately concluded, "Due to the pendency of these matters and because formal discovery has not yet commenced in this action, the court finds that the delay attributable to Schwartz' failure to timely appear in this action, coupled with the additional time required for him to file a responsive pleading, will not prejudice plaintiff." *Id.*

This absence of prejudice to Plaintiffs falls far short of the "extreme circumstances" required in order for a district court to deny a motion to set aside an entry of default. *See Mesle*, 615 F.3d at 1091-92 (reversing district court's denial of motion, reasoning, "the district court omitted any mention of the 'extreme circumstances' requirement for judgment by default. This was no minor omission: rather, it fundamentally altered the standard, turning the court's attention to everyday oversights rather than to whether there were any extreme circumstances. Absent such circumstances, judgment by default is inappropriate in this case."); *see also id.* at 1089 ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.").

## V. CONCLUSION

Accordingly, for the foregoing reasons, Keolis respectfully requests the Court grant this motion, set aside the clerk's entry of default in this case, and permit Keolis to file a responsive pleading to Plaintiff's complaint.

Dated: March 24, 2021          **AKERMAN LLP**

By:   */s/ Damien P. DeLaney*

    Damien P. DeLaney
    Ashley N. Bobo

    Attorneys for Defendant
    KEOLIS TRANSIT AMERICA, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2021, a copy of the foregoing was served on all counsel of record via the CM/ECF system.

Dated: March 24, 2021          **AKERMAN LLP**

By:    */s/ Damien P. DeLaney*

Damien P. DeLaney
Ashley N. Bobo

Attorneys for Defendant
KEOLIS TRANSIT AMERICA, INC.