UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE NORTHERN CALIFORNIA GENERAL TEAMSTERS SECURITY FUND,<br><br>Plaintiff,<br><br>v.<br><br>KEOLIS TRANSIT AMERICA, INC.,<br><br>Defendant. | No. 2:21-CV-00205-MCE-AC<br><br>**ORDER** |

On February 2, 2021, Plaintiff Trustees of the Northern California General Teamsters Security Fund ("Plaintiff") initiated this action against Defendant Keolis Transit America, Inc. ("Defendant"). ECF No. 1. The summons was served and received by Defendant's agent on February 4, 2021, but Defendant did not timely file an answer or any other response. ECF Nos. 2, 4. As a result, the Clerk of the Court entered default against Defendant on March 5, 2021. ECF Nos. 5, 6. Presently before the Court is Defendant's Motion to Set Aside the Entry of Default, filed on March 24, 2021, to which Plaintiff has filed has a statement of non-opposition. ECF Nos. 8, 10. For the following reasons, Defendant's motion is GRANTED.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

1

Under Federal Rule of Civil Procedure 55(c), "the court may set aside an entry of default for good cause . . ." "To determine 'good cause,' a court must 'consider[] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (alterations in original) (quoting Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 925–26 (9th Cir. 2005)). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Id. (citation omitted). However, "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Id.

The Court finds that none of the three factors are present here. Defendant first explains that it did not engage in culpable conduct and that its failure to timely respond "related to working arrangements during the COVID-19 pandemic" and that it "was unaware of this lawsuit until the clerk had already entered default." ECF No. 8 at 6; see also Knight Decl., ECF No. 8-1 ¶¶ 4–5 (declaration of Defendant's vice president of claim management). While the Court is not impressed with Defendant's explanations, the applicable standard here is whether Defendant "intentionally failed to answer," specifically whether it "acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process.'" Mesle, 615 F.3d at 1092 (citation omitted) (emphasis in original). Defendant's conduct does not rise to that level of culpability given that Defendant promptly filed the present motion after learning of the entry of default and Plaintiff does not oppose the motion. See also Knight Decl., ECF No. 8-1 ¶ 5 (stating Defendant "diligently sought to investigate the circumstances surrounding [Defendant's] inadvertent delay in processing, and has worked diligently to submit the [motion].").

///

Second, "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'" Mesle, 615 F.3d at 1094 (citation omitted). Plaintiff asserts claims under the National Labor Relations Act, 29 U.S.C. § 185, and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq., for the collection of delinquent employee benefit contributions. Doc. No. 1 ¶ 1. Defendant contends it has a number of meritorious defenses, including, among other things, that "[t]he governing documents concerning the subject employee welfare benefit plan do not support Plaintiffs' allegation that [Defendant] failed to meet its contribution obligations" and that "[c]ertain contributions Plaintiff alleges [Defendant] owes were calculated incorrectly." ECF No. 8 at 8. Given the nature of the allegations, Defendant has raised potentially meritorious defenses.

Finally, the Court does not find that setting aside the default would be prejudicial because Plaintiff does not oppose the present motion, no motion for default judgment was filed, formal discovery has not begun, and Defendant intends to file a responsive pleading should the Court grant its motion. ECF No. 8 at 9. In any event, "a case should, whenever possible, be decided on the merits." Mesle, 615 F.3d at 1091.

For the reasons set forth above, Defendant's motion to set aside the entry of default, ECF No. 8, is GRANTED. The default entered against Defendant on March 5, 2021, ECF No. 6, is VACATED. Defendant shall file its response to Plaintiff's complaint within thirty (30) days after the issuance of this order.

IT IS SO ORDERED.

Dated: September 27, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

3